UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RONALD DENDY, JR.,

       Defendant.

Case No. 17-cr-20590
Hon. Matthew F. Leitman

_____/

## ORDER (1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY (ECF No. 32), AND (2) GRANTING LEAVE TO RE-FILE

On May 27, 2020, Defendant Ronald Dendy, Jr., filed a Motion for Release from Custody (ECF No. 32). The motion was entered on the Court's docket on July 9, 2020.

Dendy's motion appears to be a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See id.*, PageID.141.) But Dendy's motion does not provide enough information for the Court to rule on his request.

First, under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

1

This exhaustion requirement is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020). It is unclear from Dendy's motion, however, whether he has satisfied this exhaustion requirement.

Second, a Court may only grant compassionate release "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Courts determine whether extraordinary and compelling reasons warrant compassionate release by looking to Section 1B1.13 of the Sentencing Guidelines. *See United States v. Dorsey*, No. 15-20336, 2020 WL 3819123, at *1–2 (E.D. Mich. July 8, 2020). The comment to that section identifies the reasons for release that may rise to the level of "extraordinary and compelling":

> 1. <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) <u>Medical Condition of the Defendant</u>.—
>>
>>> (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer,

          amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    <u>Family Circumstances</u>.

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Dendy's motion provides some information about his positive institutional history, the steps he has taken to improve himself, and his family members who have passed away while he has been incarcerated. (*See* Mot. for Release, ECF No. 32, PageID.140–141.)  But this information is insufficient to determine whether, under Section 1B1.13 of the Sentencing Guidelines, there are extraordinary and compelling reasons that warrant his release.  Moreover, the Court would benefit from Dendy specifically addressing how compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Dendy's Motion for Release from Custody (ECF No. 32).  The Court will, however, **GRANT** Dendy leave to re-file his motion.  The Court directs Dendy to use this opportunity to (a) inform the Court whether he has exhausted his administrative remedies or whether 30 days have lapsed since the warden at his facility received his request for

compassionate release and (b) otherwise explain why he believes compassionate release is appropriate under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761

5